564

LAVIN, Plaintiff-Appellee, v. BARBINI, Defendant-Appellant.

Ohio Appeals, Seventh District, Trumbull County.

No. 1196.   Decided 1948

S. Mark London, Girard, for plaintiff-appellee.
Luchette & Hoffman, Masury, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Defendant appeals on questions of law from a judgment of the court of common pleas of Trumbull County permanently restraining him from placing an entrance from Morris Avenue to an addition to his commercial garage presently situated on his land, zoned by the City of Girard as Commercial B property, which property occupies the south-easterly angle created by the intersection of State Street and Morris Avenue within the corporate limits of the City of Girard, Ohio, within fifty feet of plaintiff's residence which stands on land owned by her, zoned by the same authority as residential property, and which faces fifty feet on the southerly side of Morris Avenue and extends back therefrom a distance of 119.75 feet contiguous with and parallel and adjacent to the easterly line of defendant's land.

Acting in accordance with authority granted him by building permit issued by the proper official of the City of Girard defendant commenced construction of such addition, full responsibility for the location and construction of which he assumed, on or about February 15, 1948, and continued therewith until permanently enjoined by a judge of the court of common pleas on April 16, 1948, upon hearing of plaintiff's action for temporary and permanent injunction and equitable relief filed against him in the court of common pleas by plaintiff on March 16, 1948.

We discover that while a judge of the court of common pleas set a date for hearing upon plaintiff's "application for a temporary injunction" restraining defendant from proceeding with construction of such work upon plaintiff "furnishing bond in the sum of $200.00" no hearing was ever had on such application and no bond ever furnished by plaintiff.

Defendant contends that the trial judge erred to his prejudice in refusing to require plaintiff to furnish bond;

in finding the ordinance zoning the properties of the respective parties constitutional; and that such finding and judgment entered thereon are "contrary to law and the evidence presented in that court".

If the questioned zoning ordinance of the City of Girard is unconstitutional, as defendant claims, the lawsuit from the judgment entered in which defendant appeals, and this appeal, are ended, and it is unnecessary for us to pass upon defendant's other two assigned grounds of error. Accordingly we proceed to determine that question forthwith.

That ordinance provides inter alia that:—

"Within a Commercial District, no building, structure or premises should be used, arranged or designed to be used in any part for any of the following uses: * * * Public Garage, or stable, provided, however, that a public garage or stable may be erected under the following conditions * * * No entrance or exit shall be within 50 feet of a residence district or within 200 feet of any school, public playground, public hospital, public library or institution for dependents or children."

If constitutional the trial judge did not err to defendant's prejudice in restraining the placing of the entrance to which reference has been made supra for the evidence is undisputed that if erected as contemplated the entrance to the addition to defendant's garage would be within five feet of plaintiff's property line and approximately twelve feet of her residence, which would violate the provisions of that ordinance.

The purpose clause of the questioned ordinance provides that such ordinance is:—

"An ordinance to regulate, restrict and limit in the interest of the public health, safety, convenience, comfort, prosperity and general welfare the uses and the locations of buildings and other structures and premises to be used for trade, industry, residence or other specified uses; the height, bulk and location of buildings and other structures hereafter erected or altered, including the lot area per family, set back building lines and the area of yards, courts and other open spaces; and for said purposes to divide the city into zones or districts of such number, shape and area as are deemed best suited to carry out the said purposes; and to provide a method of administration, and to prescribe penalties for the violation of the within provisions."

We do not doubt but that the Council of the City of Girard, in the interest of health, safety and general welfare of the public, could constitutionally enact an ordinance regulating the erection and construction of entrances to the questioned addition to defendant's commercial garage regardless of the zone in which it was being constructed; and it is common knowledge that repairing, painting and housing automobiles (in which gasoline is stored in varying quantities), which likewise it is common knowledge is highly explosive and inflamable, for which the evidence discloses it was being erected, while necessary in modern life, and as counsel for defendant suggests is not a nuisance per se, nevertheless it is a fire hazard, regardless of how safely constructed or well managed, and gas fumes are more or less constantly emitted therefrom inimical to public health and safety, especially where people who live as close thereto as the evidence in the instant case discloses plaintiff lived in the instant case inhale them.

Without citation of authority we conclude that the ordinance under discussion is constitutional.

This conclusion compels consideration of defendant's contention that:—

"Julia Lavin, manifestly does not qualify for the right to equitable relief. Evidence in the trial court showed that the Plaintiff operated or permitted the operation of a public garage on her said residential property up until about 1938, seven years after the passage of the aforesaid zoning ordinance. The evidence also showed that the plaintiff was herself guilty of noncompliance with certain other provisions of the zoning ordinance of the City of Girard.

"* * * But the above conditions are not the only reason why plaintiff should have been denied equitable relief. The evidence shows that the plaintiff did not consider or censure the injury to residential property on Morris Avenue resulting from the operation of a public garage on her property for a number of years

"* * * Courts of equity have refused in other instances to enforce particular provisions of zoning ordinances where to do so would deprive the owner of his rights in property and did not unreasonably affect the character of a neighborhood."

Counsel for defendant cited authority for his contention, a portion of which is supported by the evidence.

Without objection plaintiff's son testified "my father built that garage (referring to the one situated on plaintiff's

premises) about the time I was born about twenty-seven years ago, that was before any zoning ordinance went into effect. You were allowed to do such a thing, however within the last ten or twelve years its not been used for that."

I am of the opinion that the trial judge answered this question when he so pertinently observed during trial "if there was a garage on residence B property or property at the date that the ordinance went into effect, the zoning ordinance could not confiscate a use that is in effect on that date without compensation."

As to whether plaintiff having abandoned the use to which such garage was put prior to the enactment of such ordinance and again used such garage for commercial purposes is another question which we need not and will not answer.

As we see it defendant is deprived of no rights in his property which are not inimical to the health and safety of the general public. As the result of careful study thereof we find no merit in this claim of counsel for defendant.

Likewise we find no merit in plaintiff's contention that because plaintiff allegedly violated such zoning ordinance approximately a decade ago that she can not enforce "it by injunction against" defendant now.

**Sec. 11882 GC,** provides:—

"Unless otherwise provided by special statute, no injunction shall operate until the party obtaining it gives a bond executed by sufficient surety, to be approved by the clerk of the court granting the injunction, in an amount to be fixed by the court or judge allowing it, to secure to the party enjoined the damages he may sustain, if it be finally decided that the injunction ought not to have been granted.

"Provided, however, that the party obtaining the injunction may deposit, in lieu of the bond provided for herein, with the clerk of the court granting the injunction, currency or negotiable government bonds in an amount to be fixed by the court."

Obviously the purpose of a bond in the instant case was to protect the defendant in the event that the lower court and this court decided that the injunction ought not to have been granted. Since it has been determined that the injunction was properly granted it is obvious that defendant suffered no damages which the bond would or could have protected. Accordingly in our opinion the trial judge did not err to defendant's prejudice in this respect, as urged.

We cannot say that the finding of the court and the judgment entered thereon are "contrary to the law and the evidence presented to that court".

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.